IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RENWICK A. GLENN,                              *
                                               *
                Plaintiff,                     *
                                               *
        vs.                                    *          Civil Action No. ADC-23-03204
                                               *
UNION, ILA LOCAL UNION 333 et al.              *
                                               *
                                               *
                Defendants.                    *
                                               *

        * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM OPINION

Defendants Steamship Trade Association of Baltimore, Inc. ("Steamship Trade Association") and Marine Terminal Corporation – East ("Marine Terminal Corporation") have moved this Court to dismiss Plaintiff Renwick Glenn's ("Plaintiff") Amended Complaint for failure to state a claim.[1] ECF No. 30. Separately, Defendant Local No. 333 International Longshoreman's Association ("Local 333" or "Union") has moved the Court to dismiss the Amended Complaint for insufficiency of service of process and for failure to state a claim. ECF No. 29. In the alternative, Local 333 asks the Court for summary judgment in its favor. *Id.*

Plaintiff responded in opposition to Steamship Trade Association and Marine Terminal Corporation's Motion (ECF No. 36), and the Defendants replied. ECF No. 37. Defendant Local 333's Motion is unopposed. After considering all parties' Motions, and the responses thereto, the Court finds that no hearing is necessary. Loc.R. 105.6 (D.Md. 2023). For the reasons stated

---

[1] On November 27, 2023, this case was assigned to United States Magistrate Judge A. David Copperthite for all proceedings in accordance with Standing Order 2019-07. ECF No. 3. All parties voluntarily consented in accordance with 28 U.S.C. § 636(c). ECF No. 15.

herein, the Court will GRANT Defendant Local 333's Motion to Dismiss (ECF No. 29). The Court will GRANT Defendants Steamship Trade Association and Marine Terminal Corporation's Motion to Dismiss (ECF No. 30) IN PART and DENY the Motion IN PART.

### FACTUAL BACKGROUND

When reviewing a motion to dismiss, this Court accepts as true the facts alleged in the challenged complaint. *See Williams v. Kincaid*, 45 F.4th 759, 765–66 (4th Cir. 2022). Plaintiff is an African American male, aged 62, who resides in Baltimore, Maryland. ECF No. 22 at ¶¶ 21, 63, 97. Plaintiff is employed by Ports America Chesapeake, LLC ("Ports America Chesapeake") and the Steamship Trade Association of Baltimore, Inc. ("Steamship Trade Association").[2] *Id.* at ¶ 25.

Ports of America Chesapeake is "a large terminal operator and stevedore operating throughout the United States, which includes loading and unloading cargo from ships and other operational activities." ECF No. 22 at ¶ 27. Plaintiff asserts that "Ports of America Chesapeake, LLC" is a d/b/a for named Defendant "Marine Terminal Corporation – East." *See* ECF No. 22. The Steamship Trade Association is "a multi-employer association representing employers in the Port of Baltimore," which "provides labor management relations, payroll processing, and work hours database management for those employed in the maritime trade industry." *Id.* at ¶¶ 23, 28. Plaintiff is also a member of Local 333, a union, which operates as an affiliate of the International Longshoreman's Association (ILA). *Id.* at ¶ 22. The ILA is a labor union that

---

[2] Plaintiff has presented the Court with a conflicting employment history. Plaintiff's Complaint first states that "Plaintiff has been employed by Defendants from February of 2002 until present." ECF No. 22 at ¶ 25. Plaintiff later asserts that he "is employed by Defendants, Ports America Chesapeake, LLC, Steamship Trade Association of Baltimore, Inc., and the International Longshoreman's Association (ILA), Local 333 for the Port of Baltimore from September 27, 2013 until present, beginning as a Longshoreman and becoming a Gang Carrier after two (2) years." *Id.* at ¶ 65.

represents longshoreman, clerks, checkers, and maintenance employees working on ships and terminals in ports on the East and Gulf coasts of the United States. *Id.* at ¶ 29. The relationship between the Steamship Trade Association and Local 333 is governed by a collective bargaining agreement. *Id.* ¶ 23.

Plaintiff asserts that while employed by Defendants, he completed and passed a simulated crane training program on or about February 2, 2007; on or about August 20, 2010; and on or about January 20, 2012. *Id.* at ¶¶ 66–68. He believes that he was required by Defendants to retake the program a second and third time "to prevent [him] from getting practical crane training on the pier and ship." *Id.* at ¶ 66. Plaintiff was ultimately never given the opportunity to become a "Certified Crane Operator" despite having completed and passed the required test. *Id.* at ¶ 69. However, he contends that three White males, and one African American male, all younger than himself, "completed an application for Crane Operator Trainee and received a promotion to Crane Operator Trainee over Plaintiff despite having less seniority." *Id.* at ¶ 70.

While the Amended Complaint provides few details, Plaintiff also asserts that on September 14, 2018, internal union charges were brought against him after he filed a charge of discrimination with the EEOC. *Id.* at ¶¶ 72–73. That same day, Plaintiff was suspended from membership in the ILA for a period of one year. *Id.* at ¶ 74. Finally, Plaintiff contends that when he inquired as to why he was not promoted, his supervisor stated that it was because Plaintiff had filed complaints with the EEOC. *Id.* at ¶ 75..

## PROCEDURAL BACKGROUND

On November 24, 2023, Plaintiff filed suit in this Court. ECF No. 1. Plaintiff filed an Amended Complaint on January 16, 2024, alleging that all Defendants discriminated against him on the basis of race, in violation of Title VII (Count I) and on the basis of age, in violation of the

Age Discrimination in Employment Act (ADEA) (Count II). ECF No. 22. Plaintiff further alleged that all Defendants retaliated against him in violation of Title VII (Count III) and discriminated against him in violation of § 1981 (Count IV). *Id.* In the Amended Complaint, Plaintiff also removed "Ports of America Chesapeake," as a defendant and added "Marine Terminal Corporation – East (d/b/a Ports America Chesapeake, LLC)." *Id.* Plaintiff also changed the name of "Steamship Trade Association" to "Steamship Trade Association of Baltimore, Inc." ECF No. 22.

On January 22, 2024, Defendant Local 333 filed a Motion to Dismiss for Insufficiency of Service and Failure to State a Claim, or in the alternative, a Motion for Summary Judgment. ECF No. 29. Also on January 22, 2024, Defendants Steamship Trade Association and Marine Terminal Corporation filed a Motion to Dismiss for Failure to State a Claim.[3] ECF No. 30. On February 2, 2024, Plaintiff filed a Response in Opposition to Steamship Trade Association and Marine Terminal Corporation's Motion, and those Defendants replied on February 14, 2024. ECF Nos. 36, 37. Plaintiff did not respond to Defendant Local 333's Motion. *See* ECF No. 29.

---

[3] The Motion was also filed on behalf of Ports America Chesapeake, LLC, because the Defendants were "uncertain from Plaintiff's Amended Complaint if Marine Terminal Corporation East has replaced Ports America Chesapeake, LLC, as a Defendant." Defendants further contend that the correct d/b/a for Marine Terminal Corporation East is "Ports America," and not "Ports America Chesapeake, LLC." ECF No. 30 at n.1.

It is clear to the Court that, in its Amended Complaint, Plaintiff did remove Ports of America Chesapeake as a defendant and add Marine Terminal Corporation – East as an additional defendant, regardless of whether Plaintiff correctly listed the d/b/a of Marine Terminal Corporation. *See* ECF No. 22. Therefore, Ports of America Chesapeake is not a separate party to this suit, and the Court will only address Defendants' arguments as they relate to the Steamship Trade Association and the Marine Terminal Corporation.

<u>DISCUSSION</u>

**Standard of Review**

A Rule 12(b)(6) motion "tests the sufficiency of the claims pled in a complaint." *Nadendla v. WakeMed*, 24 F.4th 299, 304 (4th Cir. 2022) (quoting *ACA Fin. Guar. Corp. v. City of Buena Vista*, 917 F.3d 206, 211 (4th Cir. 2019). Its purpose is not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). Rather, "[a] Rule 12(b)(6) motion constitutes an assertion by the defendant that, even if the facts alleged by the plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."' *Gaines v. Baltimore Police Dep't*, No. ELH-21-1211, 2023 WL 2185779, at *7 (D.Md. 2023) (quoting Fed. R. Civ. P. 12(b)(6)).

Upon reviewing a motion to dismiss, the Court accepts "all well-pleaded allegations as true and construe[s] the facts in the light most favorable to the plaintiffs." *In re Willis Towers Watson plc Proxy Litig.*, 937 F.3d 297, 302 (4th Cir. 2019) (citations omitted). However, it does not accept as true legal conclusions couched as factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). The Complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Facial plausibility exists when Plaintiff "pleads factual content that allows the court to draw the reasonable inference that [Defendant] is liable for the misconduct alleged." *Id.* An inference of a "mere possibility of misconduct" is not sufficient to support a plausible claim. *Id.* at 679. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. As for Title VII claims at the motion to dismiss stage, "the question is whether the plaintiff alleges facts

that plausibly state a violation of Title VII above a speculative level." *Gaines*, 2023 WL 2185779, at \*8 (cleaned up and internal quotations removed) (quoting *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 617 (4th Cir. 2020). A plaintiff must state a plausible claim for relief, but "need not establish a prima facie case of discrimination." *Gaines*, 2023 WL 2185779, at \*8 (citing *Swierkiewicz v. Sorema*, 534 U.S. 506, 122 (2002).

Defendant Local 333 has styled its motion as a Motion to Dismiss Amended Complaint, or, in the Alternative, for Summary Judgment. ECF No. 29. A motion styled in this manner implicates the court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure. *See Kensington Vol. Fire Dept., Inc. v. Montgomery County,* 788 F.Supp.2d 431, 436–37 (D.Md.2011), *aff'd* 684 F.3d 462 (4th Cir. 2012). Rule 12(d) provides that if the Court considers matters outside the pleadings, the Rule 12(b)(6) motion "must be treated as one for summary judgment under Rule 56." Fed.R.Civ.P. 12. "A district judge has 'complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it.'" *Whitaker v. Md. Transit Admin.*, No. ELH-17-00584, 2018 WL 902169, at \*7 (D.Md. Feb. 14, 2018) (quoting 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1366, at 159 (3d ed. 2004, 2011 Supp.)). "In general, courts are guided by whether consideration of extraneous material is likely to facilitate the disposition of the action, and whether discovery prior to the utilization of the summary judgment procedure is necessary." *Id.* (citation omitted).

Under Rule 12(b)(6), a court may consider documents that are explicitly incorporated by reference or attached as exhibits to the complaint without converting the motion to one for summary judgment. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016)

6

(citations omitted). *See State Farm Mutual Automobile Insurance Company v. Slade Healthcare, Inc.*, 381 F.Supp.3d 536, 552 (D.Md. 2019). Moreover, where the plaintiff fails to incorporate pertinent documents as part of his complaint, a court "may consider a document submitted by the movant that was not attached to or expressly incorporated in the complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity" without converting the motion to one for summary judgment. *Goines*, 822 F.3d at 166. The Court will construe Defendant Local 333's Motion as a Motion to Dismiss. *See* ECF No. 29.

**Defendant Local 333's Motion to Dismiss**

Plaintiff has not responded to Defendant Local 333's Motion to Dismiss, filed January 22, 2024. *See* ECF No. 29. Therefore, Plaintiff has "waived any opposition to the [D]efendant's argument." *Vennie v. Maryland Transit Administration*, No. ELH-19-03277, 2020 WL 4582713, at *1 (D.Md. Aug. 7 2020) (citing *Stenlund v. Marriot Int'l, Inc.*, 172 F. Supp. 3d 874, 887 (D. Md. 2016) ("In failing to respond to [defendant's] argument, Plaintiff concedes the point.")). "When a plaintiff fails to oppose a motion to dismiss, a district court is 'entitled, as authorized, to rule on the...motion and dismiss [the] suit on the uncontroverted bases asserted' in the motion." *Vennie*, 2020 WL 4582713, at *1 (quoting *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004)); *see also Ferdinand-Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010). This Court has "the inherent authority...to dismiss a lawsuit sua sponte for failure to prosecute." *Vennie*, 2020 WL 4582713, at *1 (quoting *United States v. Moussaoui*, 483 F.3d 220, 236 (4th Cir. 2007)). In light of Plaintiff's failure to oppose the Motion, the Court will assume that Plaintiff concedes that his amended complaint is deficient for the reasons stated by

7

Defendant Local 333 and exercise its discretion to grant the Motion. *See* ECF No. 29. Defendant Local 333's Motion to Dismiss is GRANTED.

**Defendants Marine Terminal Corporation and Steamship Trade Association's Motion to Dismiss**

Plaintiff's Failure to Exhaust Administrative Remedies

Defendants Marine Terminal Corporation and Steamship Trade Association first argue that Counts I and II of the Amended Complaint should be dismissed because Plaintiff has not exhausted his administrative remedies for his discrimination claims. Defendants argue that Plaintiff's EEOC charges were filed well past the 300-day mandatory filing period following each of the alleged failure to train and promote incidents, and because Plaintiff did not timely file, he did not exhaust his administrative remedies. ECF Nos. 30 at ¶ 4, 31-1. Additionally, Defendants assert that none of Plaintiff's EEOC charges were directed against Marine Terminal Corporation. *Id.*

Plaintiff responds that he has exhausted his administrative remedies because he reported a pattern of discrete discriminatory acts and timely filed charges with the EEOC after each incident. ECF No. 36. Plaintiff concedes that he has not filed a charge against Marine Terminal Corporation, but he argues that he "has filed several [c]harges with the EEOC against [Ports America Chesapeake, LLC], which is the trade name for [Marine Terminal Corporation.]" ECF No. 36 at 2. Thus, states Plaintiff, "[Marine Terminal Corporation] [is] liable for discriminatory acts against Plaintiff because [Marine Termination Corporation] conducts business as [Ports America Chesapeake.]" *Id.*

An individual alleging discrimination in violation of Title VII must file an administrative charge with the EEOC within three hundred days after the alleged unlawful employment practice occurred. *See* 42 U.S.C. § 2000e-5(e)(1). If a charge filed with the Commission is dismissed by

8

the Commission...the person aggrieved is given ninety days after the giving of such notice a civil action may be brought. See 42 U.S.C. § 2000e-5(f)(1). In other words, before a Plaintiff has standing to file suit under Title VII, he must exhaust his administrative remedies by filing a charge with the EEOC. *Bryant v. Bell Atl. Md. Inc.*, 288 F.3d 124, 131 (4th Cir. 2002); *See Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000). The EEOC charge defines the scope of the plaintiff's right to institute a civil suit. *Id.*

In the Amended Complaint, Plaintiff alleges that after completing simulation crane training in 2007, 2010, and 2012, he was prevented from securing the practical crane training required to become a Certified Crane Operator. ECF No. 22 at ¶¶ 66–69. As I construe the Complaint, Plaintiff states that he first filed an EEOC charge against Ports of America on November 18, 2015, alleging race discrimination and retaliation, and first filed a charge against the Steamship Trade Association on January 19, 2016, also alleging race discrimination and retaliation. *Id.* at ¶ 7–8.

In calculating within what time period an EEOC charge must be filed, "[e]ach discrete discriminatory act starts a new clock for filing charges alleging that act. The charge, therefore, must be filed within the 180– or 300–day time period after the discrete discriminatory act occurred." *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) (holding that a failure to promote and other retaliatory adverse employment decisions are "discrete acts which constitute "separate actionable 'unlawful employment practices'"). Further, "[a] discrete retaliatory or discriminatory act 'occurred' on the day that it 'happened.' *Id.* at 110.

Any of Plaintiff's charges of failure to provide crane training, arising from discrete acts in 2007, 2010, and 2012, were brought well past the 300-day mandatory filing period. Therefore, by filing his charges for failure to train and promote after 300 days, Plaintiff failed to exhaust his

administrative remedies. Defendants' Motion to Dismiss is GRANTED as to Counts I and II of the Amended Complaint.

The Merits of Counts I-III of the Amended Complaint

Assuming *arguendo* that Plaintiff successfully exhausted administrative remedies for the claims of race and age discrimination, Defendants Marine Terminal Corporation and Steamship Trade Association also argue that Plaintiff has failed to state claims of discrimination of the basis of race, in violation of Title VII (Count I) and discrimination on the basis of age, in violation of the Age Discrimination in Employment Act (Count II). Defendants also argue that Plaintiff has failed to state a claim of retaliation in violation of Title VII (Count III). *See* ECF No. 22. I address each of these arguments in turn.

*Race Discrimination in Violation of Title VII (Count I)*

Title VII prohibits discrimination on the basis of specific enumerated grounds: "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1) (2000); *see Lightner v. City of Wilmington, N.C.*, 545 F.3d 260, 264 (4th Cir. 2008). Because Plaintiff has presented no direct evidence of discriminatory denial of training based on race, he is obliged to proceed under the *McDonnell Douglas* proof scheme, under which he carries the initial burden of establishing a prima facie case of discrimination. *Thompson v. Potomac Electric Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)). "To establish a prima facie case of discriminatory denial of training, a plaintiff must show that: (1) the plaintiff is a member of a protected class; (2) the defendant provided training to its employees; (3) the plaintiff was eligible for the training; and (4) the plaintiff was not provided training under circumstances giving rise to an inference of discrimination." *Id.* at 649–50 (4th Cir. 2002) (citing *Pafford v. Herman*, 148 F.3d 658, 667 (7th Cir.1998)). "The prima facie case..., however, is an evidentiary standard, not a pleading

requirement." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510 (2002). As such, Plaintiff need not plead facts necessary to constitute a prima facie case of discrimination, but must only "allege facts to satisfy the elements of a cause of action created by" Title VII. *See McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015). *See also McKenzie-El v. Am. Sugar Ref., Inc.*, No. 21-1089, 2021 WL 5412341, at *2 (4th Cir. Nov. 19, 2021) (per curiam) (explaining the same). The factual allegations "must be enough to raise a right to relief above the speculative level." *Coleman v. Maryland Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010)

Here, Plaintiff has not sufficiently alleged facts to satisfy the elements of discriminatory denial of training on the basis of race. Plaintiff has alleged no facts supporting the third element, that Plaintiff was eligible for training. *See* ECF No. 22. While Plaintiff alleges that he completed a simulated crane training program and was then denied the opportunity to gain practical crane training on the pier and ship, Plaintiff does not allege that the simulated crane training program was the only eligibility requirement standing between him and the opportunity to receive practical training. *See* ECF No. 22 at ¶ 66. In other words, while Plaintiff appears to have met one eligibility requirement for additional training, the Complaint is devoid of any facts that would allow the Court to assume that he met *all* eligibility requirements for the practical crane training. *See id.*

Plaintiff has also not plead facts demonstrating that he was denied training under circumstances giving rise to an inference of discrimination. *See id.* at ¶ 70. In his Amended Complaint, Plaintiff offers the following comparators, stating that the "following similarly situated employees have received better treatment than Plaintiff under similar circumstances:"

11

David Shindle, Jr. (White, male younger than Plaintiff) completed an application for Crane Operator Trainee and received a promotion to Crane Operator Trainee over Plaintiff despite having less seniority.

Devin Phillips (African American, male younger than Plaintiff) completed an application for Crane Operator Trainee and received a promotion to Crane Operator Trainee over Plaintiff despite having less seniority.

Edward Wos (White, male younger than Plaintiff) also completed an application for Crane Operator Trainee and received a promotion to Crane Operator Trainee over Plaintiff despite having less seniority.

Kevin Krajewski (White, male younger than Plaintiff) also completed an application for Crane Operator Trainee and received a promotion to Crane Operator Trainee over Plaintiff despite having less seniority.

Here, Plaintiff has provided the Court with only threadbare facts to support his contention that he received different treatment from similarly situated employees outside of his protected class. While Plaintiff states that all of the above-listed comparators completed an application for "Crane Operator Trainee," Plaintiff does not offer facts explaining the relationship between completing the simulated crane training program and the ability to fill out an application for the position of Crane Operator Trainee. Indeed, Plaintiff does not allege that he and the comparators completed the same training, he merely offers the conclusory statement that "similarly situated employees have received better treatment than Plaintiff under similar circumstances." ECF No. 22 at ¶ 70. Without any further detail, the Court cannot assess if those employees who were granted additional training were similarly situated to Plaintiff. *See Parker v. Children's Nat'l Med. Ctr., Inc.*, No. ELH-20-3523, 2021 WL 5840949, at *8 (D.Md. Dec. 9, 2021) (citing *Thomas v. Delmarva Power & Light Co.*, 715 Fed App'x 301, 302 (4th Cir. 2018) (per curium)). ("'Where a plaintiff attempts to rely on comparator evidence to establish circumstances giving rise to an inference of unlawful discrimination,' the plaintiff must demonstrate that the comparator is similarly situated in all relevant respects." *Swaso v. Onslow Cnty. Board of Ed.*,

698 Fed. App'x 745, 748 (4th Cir. 2017))). Further, Plaintiff does not explain the inclusion of an African American comparator, an individual within Plaintiff's protected class. *See* ECF No. 22 at ¶ 70.

Therefore, Plaintiff has failed to allege facts satisfying the elements of discriminatory denial of training on the basis of race. As such, even if Plaintiff had exhausted his administrative remedies as to the claim of race discrimination, the Court would still find it appropriate to dismiss Count I of the Amended Complaint.

*Age Discrimination in Violation of the Age Discrimination in Employment Act (Count II)*

Under the Age Discrimination in Employment Act (ADEA) "it is unlawful for an employer...to discharge any individual or otherwise discriminate against [her] with respect to [her] compensation, terms, conditions or privileges of employment because of [her] age." *Gott v. Town of Chesapeake Beach, Md.*, 44 F.Supp.3d 610, 614 (D.Md. 2014) (quoting 29 U.S.C. § 623(a)) (internal quotations removed). "To succeed on an ADEA claim, the plaintiff must be at least 40 years old and prove, by a preponderance of the evidence ... that age was the 'but-for' cause of the challenged employer decision." *Id.* (internal quotations removed). As in Title VII cases, the Court applies the burden-shifting approach of *McDonnell Douglas Corp. v. Green* absent direct evidence of discrimination. *Id.* To establish a prima facie case of age discrimination, a plaintiff must establish that "(1) she was protected by the ADEA; (2) she suffered an adverse employment action; (3) she was at the relevant time performing her duties at a level that met her employer's legitimate expectations; and (4) her position remained open or was filled by a similarly qualified applicant outside the protected class." *Id.* at n.10 (citing *Loveless v. John's Ford, Inc.*, 232 Fed.Appx. 229, 234–35 (4th Cir.2007)) (cleaned up and internal citations removed).

Here, Plaintiff has not sufficiently alleged facts to satisfy the elements of age discrimination. Plaintiff has alleged no facts suggesting that, at the relevant times when he was denied additional training, he was meeting his employer's legitimate expectations. *See* ECF No. 22. Further, Plaintiff does not satisfactorily allege that training opportunities went to similarly qualified applicants outside the protected class. At the time of filing this suit, Plaintiff stated that he was 62 years old, and that the above-listed comparators were "at least ten (10) years younger than Plaintiff. ECF No. 22 at ¶ 103. Plaintiff provides no further details regarding any of the comparators' current ages or their ages when they received additional training. Given the lack of detail, it is not clear from the face of the Amended Complaint whether the comparators are even outside of the protected class—those age 40 and over. *See Gott*, 44 F.Supp.3d at 614.

Plaintiff has failed to allege facts satisfying the elements of discrimination on the basis of age. Even if Plaintiff had exhausted his administrative remedies as to his claim of age discrimination, the Court would still find that dismissal of Count II of the Amended Complaint is appropriate.

*Retaliation in Violation of Title VII (Count III)*

Title VII also prohibits retaliation against an employee because she "has opposed any practice made an unlawful employment practice by this subchapter." *See Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 281 (4th Cir. 2015) (quoting 42 U.S.C. § 2000e–3(a)). Filing an EEOC charge is a protected activity under Title VII. *See Jefferies v. UNC Regional Physicians Pediatrics*, 392 F.Supp.3d 620, 629 (M.D.N.C. 2019). To bring a claim of retaliation under Title VII, plaintiffs may prove violations through direct and indirect evidence of retaliatory animus, or through the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." *Foster v. Univ. Md.-E. Shore*, 787 F.3d 243, 249 (4th Cir. 2015); *see also*

*Karpel v. Inova Health Sys. Servs.*, 134 F.3d 1222, 1228 (4th Cir. 1998) ("The series of proofs and burdens outlined in *McDonnell Douglas* apply to retaliation claims.").

"'Direct evidence encompasses conduct or statements that both (1) reflect directly the alleged [retaliatory] attitude, and (2) bear directly on the contested employment decision.'" *Johnson v. United Parcel Service, Inc.*, 839 Fed.Appx. 781, 783 (4th Cir. 2021) (quoting *Laing v. Fed. Exp. Corp.*, 703 F.3d 713, 717 (4th Cir. 2013)). But, without a clear nexus between the employment decision in question, "the materiality of stray or isolated remarks is substantially reduced." *Merritt v. Old Dominion Freight Line, Inc.*, 601 F.3d 289, 300 (4th Cir. 2010); *see Johnson*, 839 Fed.Appx. at 783 (holding that stray or isolated remarks expressing dissatisfaction are insufficient to establish a direct evidence claim).

Here, Plaintiff alleges in the Amended Complaint that "[w]hen Plaintiff inquired about a reason for denial of promotion to Certified Crane Operator, his Supervisor, Darren Thompson, stated that it was because of previously filed Complaints with the EEOC." ECF No. 22 at ¶ 75. This allegation is sufficient to establish direct evidence of retaliation, as a clear nexus exists between the protected activity—filing an EEOC complaint—and Plaintiff's failure to be promoted. A Motion to Dismiss does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). Rather, the Court must assess whether a complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Plaintiff's Amended Complaint "pleads factual content that allows the court to draw the reasonable inference that [Defendant] is liable for the misconduct alleged," and dismissal of Count III would be inappropriate at this stage. Therefore, Defendants' Motion to Dismiss is DENIED as to Count III of the Amended Complaint.

15

Count IV is Time-Barred

Defendants also argue that Plaintiff's Section 1981 claim is time-barred and must be dismissed. Section 1981 was enacted by Congress to aid in the eradication of race discrimination for the benefit of all persons "within the jurisdiction of the United States." *McDonald v. Santa Fe Trail Transportation Co.*, 427 U.S. 273, 285-96 (1976). "Generally, § 1981 claims are governed by the most analogous state statute of limitations." *Stewart v. The University of North Carolina System*, 673 Fed.Appx 269, 271 (4th Cir. 2016) (citing *James v. Circuit City Stores, Inc.*, 370 F.3d 417, 420 (4th Cir. 2004). "However, if a claim is based on § 1981(b), which covers 'claims based on conduct occurring after the formation of the contractual relationship,' then the federal four-year statute of limitations applies." *Id.* (quoting *James*, 370 F.3d at 421).

Here, as the conduct Plaintiff alleges occurred after the formation of a contractual relationship, the federal four-year statute of limitations applies. Plaintiff was on notice of his alleged claim for discrimination based on race in the weeks that followed his simulator training in 2007 or 2010, or 2012, as he allegedly was denied practical crane training necessary for certification as a crane operator. However, Plaintiff waited until November 24, 2022, to file this lawsuit, well past the four-year limitations period for any plausible claim arising from a failure to provide additional training. Defendants' Motion to Dismiss is GRANTED as to Count IV of the Amended Complaint.

16

## CONCLUSION

For the reasons set forth in this Memorandum Opinion, Defendant Local 333's Motion to Dismiss (ECF No. 29) is GRANTED. Defendants Steamship Trade Association and Marine Terminal Corporation's Motion to Dismiss is GRANTED as to Counts I, II, and IV of the Complaint, and DENIED as to Count III. A separate Order will follow.

Date: _2/26/24_

_____

A. David Copperthite
United States Magistrate Judge

17